**IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| VANIRA MILLINES | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: 21A01802 |
| | ) |
| RIMING JIN and LFL | ) |
| TRANSPORTATION INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

**Nick Schnyder Law Firm
Rebecca M. Rea, Esq.
351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553**

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Respectfully submitted April 13, 2021.

/s/ Monique Roberts
_____
Clerk of State Court
DeKalb County, GA.

**EXHIBIT "A"**

1

Copy from re:SearchGA

# IN THE STATE COURT OF DEKALB COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| VANIRA MILLINES | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: 21A01802 |
| | ) |
| RIMING JIN and LFL | ) |
| TRANSPORTATION INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, VANIRA MILLINES, hereinafter referred to as "Plaintiff," by and through their undersigned counsel and files this, *Complaint for Damages*, against Defendant RIMING JIN and LFL TRANSPORATION INC., Defendants in this matter (hereinafter referred to as collectively as "Defendants"). Plaintiff shows the Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and have been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant Jin is an individual and resident of Los Angeles California, and can be served at his residence at 321 WILLAPA LN, DIAMOND BAR, CA 91765-1355.

3.

Defendant LFL TRANSPORTATION INC.is a foreign corporation existing under the laws of Georgia with its principal place of business in California and may be served through its registered agent, YONGCHAO HE, 21337 COTTONWOOD LN, WALNUT CA 91789 in Los Angeles County and is subject to the jurisdiction of this court.

1

EXHIBIT "A"

Copy from re:SearchGA

4.

Defendant LFL is a motor carrier.

5.

Defendant LFL is engaged in interstate trucking commerce.

6.

Defendant LFL's United States Department of Transportation Carrier Number is 2938910.

7.

At all times relevant Defendant LFL was licensed and insured in accordance with Federal Motor Carrier Safety Administration rules and regulations.

8.

Jurisdiction and venue are proper in this court as Plaintiff resides in Dekalb County pursuant to O.C.G.A. § 40-12-1.

9.

This Court has jurisdiction over the subject matter of this action and removal to federal court is improper pursuant to 28 U.S.C. 1441(b).

## BACKGROUND

10.

Plaintiff realleges and incorporates the above paragraphs as fully set forth herein.

11.

On or about March 10, 2020, Plaintiff was traveling on I-20 westbound in Rockdale county Georgia in front of Defendants in a safe and proper manner.

12.

Defendant Jin was driving a commercial truck in furtherance and on behalf of Defendant LFL.

Copy from re:SearchGA

13.

Defendant Jin was an employee, servant, and/or agent acting within the course and scope of duty for Defendant LFL.

14.

Defendant Jin was driving the subject commercial vehicle, was travelling too fast for conditions, and was distracted, failed to maintain lane, and struck Plaintiff's vehicle, causing Plaintiff to come to uncontrolled rest against the barrier wall.

15.

Defendant Jin failed to keep a proper look out while changing lanes, failed to maintain his lane, and drove at unsafe speeds thereby violently striking the vehicle in which Plaintiff was traveling several times (hereinafter "the Collision").

16.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

17.

Defendant LFL is responsible for the negligence of Defendant Jin's action pursuant to the doctrine of *respondeat superior*.

## COUNT 1: NEGLIGENCE

18.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

19.

At the time and occasion in question, Defendant Jin failed to follow the vehicles ahead of him at a safe distance, improperly applied his brakes, failed to maintain his lane, failed to keep a proper lookout as he changed lanes, and drove at unsafe speeds, drove, excessive hours, fell asleep at the wheel, texted while driving, and/or negligently struck Plaintiff, causing a violent collision.

3

Copy from re:SearchGA

20.

Defendants Jin and LFL owed a duty to Plaintiff to operate the vehicle being driven on behalf of LFL in an ordinary and prudent manner.

21.

At the time and occasion in question, Defendants Jin and LFL breached their duty to Plaintiff by causing the subject collision.

22.

Defendants Jin and LFL's actions caused a violent collision resulting in property damages and severe bodily injury to Plaintiff.

23.

As a consequence of his negligent driving, Defendants Jin and LFL breached their duty of ordinary care to the automobile-driving public, and to Plaintiff in particular.

24.

Plaintiff in no way contributed negligently to the incident in question.

25.

Plaintiff experienced severe pain and suffering as a direct and proximate result of the collision.

26.

Defendant Jin's negligence, which constituted the actual and proximate cause of Plaintiff's injuries, consisted of one or more of the following:

- a) Turning Movements, in violation of O.C.G.A. § 40-6-123;
- b) Failure to Maintain Lane, in violation of O.C.G.A. § 40-6-48;
- c) Following too Closely, in violation of O.C.G.A. § 40-6-49;
- d) Driving too Fast for Conditions, in violation of O.C.G.A. § 40-6-180;
- e) Failure to exercise due care in operating a motor vehicle in violation of O.C.G.A § 40-6-241;

4

Copy from re:SearchGA

f) Failure to exercise that degree of care which is exercised by ordinary persons in the same or similar situation, in violation of O.C.G.A § 51-1-2;
g) Failure to use ordinary care to avoid colliding with another vehicle;
h) Failure to keep a proper lookout;
i) Improper lane change;
j) Failure to maintain control of their vehicle.; and/or
k) other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

27.

Defendant LFL is liable for at least one of the following tortious acts and omissions, which include, but are not necessarily limited to the following:

a) Defendant LFL is liable under the doctrine of respondeat superior for the torts of its employees, servants, and agents, including Defendant Jin pursuant to O.C.G.A. § 51-2-2 as set forth below;
b) Defendant LFL was negligent in its own right under the doctrine of negligent entrustment, negligent hiring, training, controlling, and/or supervising of its drivers;
c) Defendant LFL had an affirmative duty to discover their driver's driving records, prior traffic violations habitual recklessness, susceptibility? to negligent action, and driver's medical history;
d) Defendant LFL in the exercise of reasonable care should have known of any of their driver's incompetence; and
e) Defendant LFL negligently failed to inspect and maintain their vehicle.

## COUNT 2
## IMPUTED LIABILITY

28.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

29.

At the time of the subject collision, Defendant Jin was under dispatch for Defendant LFL.

30.

At the time of the subject collision, Defendant Jin was operating his vehicle on behalf of Defendant LFL.

5

Copy from re:SearchGA

31.

Defendant LFL is an intrastate or interstate motor carriers, and pursuant to federal and state laws, is responsible for the actions of Defendant Jin in regard to the collision described in this complaint under the doctrine of lease liability, *respondeat superior*, agency or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING & SUPERVISION

32.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

33.

Defendant LFL was negligent in hiring Defendant Jin and entrusting him/her to drive their vehicle on their behalf.

34.

Defendant LFL was negligent in failing to properly train Defendant Jin.

35.

Defendant LFL was negligent in failing to properly supervise Defendant Jin.

36.

Defendant LFL's negligence in hiring Defendant Jin and entrusting him/her with driving a company vehicle and failing to train and supervise him/her properly was the sole and proximate cause of the collision, and Plaintiff' resulting injuries.

## COUNT 4
## NEGLIGENCE PER SE

37.

Plaintiff realleges and incorporates the above numbered paragraphs as fully set forth herein.

38.

Defendant Jin and Defendant LFL's negligence in the operation of the vehicle in

Copy from re:SearchGA

their possession violated at least one of the following: (a) O.C.G.A. § 40-6-123; (b) O.C.G.A. § 40-6-180; (c) O.C.G.A. § 40-6-49; (d) O.C.G.A. § 40-6-48; (e) O.C.G.A § 51-1-2; (f) O.C.G.A. § 40-6-241; (g) O.C.G.A. § 40-6-391; and/or (h) O.C.G.A. § 40-6-390, which constitutes negligence per se or negligence as a matter of law.

39.

Defendant Jin and Defendant LFL's violated the above stated laws meant to protect innocent victims such as Plaintiff and to protect unnecessary auto collisions such as the one in this action.

40.

As a direct and proximate result of Defendant Jin and Defendant LFL's negligence per se, Plaintiff suffered and/or will suffer from at least one of the following: physical injuries, mental anguish, past pain and suffering, present pain and suffering, future pain and suffering, past medical expenses, and future medical expenses. Plaintiff is entitled to recover all damages allowed under Georgia law as a result of Defendant Jin and Defendant LFL's negligence per se.

## **DAMAGES**

41.

As the direct and proximate result of Defendant Jin and Defendant LFL's negligent conduct, Plaintiff was required to undergo medical care from treatment providers, and incurred special damages, which include medical expenses and lost wages, a specific amount to be proven at trial. Plaintiff will supplement additional information as it becomes available in accordance with *Bryant v. Haynie*, 216 Ga. App. 430 (1995). The total known medical specials to date are as follows:

Copy from re:SearchGA

| | | |
|---|---|---|
| Lost Wages - | =$ | 15,000.00 (est) |
| Estimated Future Treatment - | =$ | 50,000.00 (est) |
| Always Care Physical Therapy - | =$ | 3,550.00 |
| Always Care Nursing Service - | =$ | 264.62 |
| MedSouth Surgical - | =$ | TBD |
| Barbour Orthopedics - | =$ | TBD |
| Dekalb Medical | =$ | 36,795.45 |
| Joy Chiropractic - | =$ | 10,560.00 |
| Piedmont Rockdale Hospital- | =$ | 3,900.00 |
| Summit Radiology - | =$ | 116.00 |
| Walker Lake Emergency- | =$ | 1,416.00 |
| Dekalb Medical Center - | =$ | 37,795.45 |
| Benchmark Rehab Partners - | =$ | 24,234.52 |
| Total Medical Specials - | =$ | 162,334.59+ |

42.

As a direct and proximate result of Defendant Jin and Defendant LFL's negligence, Plaintiff received personal injuries and required medical treatment. Because of these injuries, Plaintiff has incurred damages including, but not limited to, medical expenses for the treatment of his injuries.

43.

As a further direct and proximate result of Defendants' negligence, Plaintiff has sustained physical pain and suffering as well as emotional distress, and Plaintiff will continue to suffer in the future.

## PUNITIVE DAMAGES

44.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

45.

Defendant Jin and Defendant LFL's actions of driving while tired, texting and driving, driving while distracted, and/or driving while affected by alcohol or drugs, were

8

Copy from re:SearchGA

wanton of care and/or grossly negligent, such that Defendants' actions arose to a level as to justify the award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a) That Plaintiff's Complaint be filed, Summons issued, and service be affected in accordance with the law;

b) For entry of judgment in Plaintiff's favor and against Defendants, as determined by a fair and impartial twelve-member jury for the following claims: past, present and future medical expenses; past, present, and future pain and suffering; and any other damages recoverable at law;

c) That Plaintiff be awarded general damages to fully compensate her for past, present, and future pain and suffering in an amount to be determined by the fair and enlightened conscience of the jury;

d) That Plaintiff be awarded special damages to fully compensate her for past, present, and future medical expenses in an amount to be determined at or before trial;

e) That Plaintiff be awarded all costs of bringing this action;

f) That process be issued requiring Defendants to answer according to law;

g) That punitive damages be awarded in an amount to be determined by the fair and enlightened conscience of the jury; and

h) That Plaintiff be granted such further and other relief as this Court deems just and proper.

9

Copy from re:SearchGA

Respectfully submitted this 14 day of April, 2021.

**NICK SCHNYDER LAW FIRM, LLC**

By: _____

Nicholas Schnyder, Esq.
Georgia Bar No. 576115
Attorney for Plaintiff

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
nick@schnyderlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
4/13/2021 4:56 PM
E-FILED
BY: Monica Gay

10

Copy from re:SearchGA